(No. 94-CV-3414- )

*In re* APPLICATION OF DELIA LEYVA

*Opinion filed January 23, 1996.*

JEFFREY URDANGEN, LTD. (ERIKA B. CUNLIFFE, of counsel), for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on September 18, 1993. Delia Leyva, grandmother of the deceased victim, Victor E. Ramirez, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the "Act." 740 ILCS 45/1 *et seq*.

The Court previously denied the claim in its order of December 16, 1994. The Court found, based on the investigatory report, that the victim's conduct contributed to

his death to such an extent as to warrant that the Claimant be denied entitlement to compensation. The Court found that the incident occurred due to the fact that the victim and the offender were members of opposing street gangs and the death occurred as a result of their gang affiliation, gang rivalry, and face-to-face provocation.

The Claimant filed a timely request for hearing and the cause was tried before Commissioner Michael Kane. The evidence presented shows that while the investigation completed by the Attorney General suggests that street gang affiliation had some connection to this shooting, a more thorough examination of the facts reveals that the decedent had not been involved in any street gang activity for some years prior to the shooting. The Claimant, the grandmother of Victor E. Ramirez, applied for compensation, specifically, funeral expenses and loss of support as a result of the shooting death of Mr. Ramirez on September 18, 1993. Evidence was elicited at the hearing which established the following facts: the victim, Victor Ramirez, in his high school days, was in fact a member of a street gang; on the date of the shooting, he was not involved in any gang activity, but simply was in the wrong place at the wrong time. The individual who shot Mr. Ramirez, Darvin Williams, did not know the victim. However, in a confession to police he did admit shooting victim Ramirez simply because Mr. Ramirez was with an individual who Williams thought to be a member of a gang. The victim had not been involved in any gang activity since his high school days and was working. Furthermore, he had been through the TASC program and a counselor had found him a job parking cars.

Because the evidence presented indicated that the decedent had previously left the Latin Kings street gang, we find our previous findings to be in error. A close examination of the evidence shows that the decedent did

nothing to provoke his own injury. Prior to the shooting, the Claimant's decedent was merely seated on a step. He did not show any gang signs, gang clothing or shout gang slogans. The decedent was not a gang member on the date of his death.

This Court has taken a strong stance against street gangs and has found that such gang membership and its concurrent terrorism can be provocation for injuries and death suffered by gang members in gang wars. Such is not the case here.

For the foregoing reasons, it is the order of this Court that Victor E. Ramirez was the innocent victim of a violent crime and Claimant, Delia Leyva, is entitled to compensation under the Act. We find that Claimant has substantiated her claim for $2,594 for funeral expenses but has failed to prove by a preponderance of the evidence a loss of support. Claimant's loss of support claim must be denied.

It is therefore ordered that Claimant, Delia Leyva, is awarded $2,594 in full and final satisfaction of her claim and the remainder of her claim for loss of support is denied.